## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CURTIS W. THOMPSON,<br><br>       Plaintiff,<br><br>v.<br><br>AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, DISTRICT COUNCIL 89, LOCAL 4013; STEVE MULLEN, in his official capacity as Director of American Federation of State, County and Municipal Employees, District Council 89; CUMBERLAND VALLEY SCHOOL DISTRICT; FREDERICK S. WITHUM, III, in his official capacity as Superintendent of the Cumberland Valley School District,<br><br>       Defendants. | **Case No.** _____<br><br>(Hon. _____)<br><br>**COMPLAINT**<br><br>--ELECTRONICALLY FILED-- |

AND NOW comes Plaintiff Curtis W. Thompson, by and through his undersigned attorneys, and states the following claim for relief against Defendants, American Federation of State, County and Municipal Employees, District Council 89, Local 4013 ("Council 89"); Steve Mullen, Director of District Council 89; Cumberland Valley School District ("School District"); and Frederick S. Withum, III, Superintendent of the Cumberland Valley School District, and avers as follows:

1

## SUMMARY OF THE CASE

1.      This is a civil rights action pursuant to 42 U.S.C. § 1983 for injunctive, declaratory, and monetary relief, to redress and to prevent the deprivation of rights, privileges, and/or immunities under the First and Fourteenth Amendments to the United States Constitution caused by statutes and Defendants' contracts, policies, and practices that prohibit Council 89 members from resigning their union membership except during one, 15-day period just before the conclusion of a multi-years-long collective bargaining agreement.

2.      In so doing, Defendants have acted under the color of state law, specifically the state's Public Employe Relations Act ("PERA"), 43 P.S. §§ 1101.101– 1101.2301, and/or other state laws and are therefore state actors.

3.      Pursuant to PERA and "Article 32: Maintenance of Membership" of a collective bargaining agreement ("CBA") entered into between the School District and Council 89, which sets forth terms and conditions of employment for certain public employees, including Mr. Thompson, from July 1, 2016, through June 30, 2020, Defendants have deprived, are depriving, and are threatening to continue to deprive Mr. Thompson of his constitutional rights. Specifically, Council 89, through its directors, officers, and/or officials acting in concert with the School District through its directors, officers, and/or officials, requires Mr. Thompson to maintain his membership in Council 89 and its affiliates by restricting his right to resign from union membership and to end all aspects of union membership, including the

payment of union dues, and by refusing to acknowledge and/or accept Mr. Thompson's resignation, all under the color of state law.

4.      Despite Mr. Thompson's resignation from Council 89 and its affiliates, Defendants have continued to have union dues deducted from Mr. Thompson's wages, and, thus, in addition to injunctive and declaratory relief, Mr. Thompson seeks compensatory and nominal damages for the violation of his First and Fourteenth Amendment rights, as well as attorneys' fees and costs.

## JURISDICTION AND VENUE

5.      This action arises under the Constitution and laws of the United States of America. It also arises under the Federal Civil Rights Act of 1871, 42 U.S.C. § 1983, to redress the deprivation, under color of state law, of Plaintiff's rights, privileges, and immunities under the Constitution of the United States, and particularly the First and Fourteenth Amendments thereto.

6.      The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331—because Plaintiff's claims arise under the United States Constitution—and 28 U.S.C. § 1343—because Plaintiff seeks relief under 42 U.S.C. § 1983.

7.      This action is an actual controversy in which Plaintiff seeks a declaration of his rights under the Constitution of the United States. Pursuant to 28 U.S.C. §§ 2201 and 2202, this Court may declare Plaintiff's rights and grant further necessary and proper relief, including injunctive relief pursuant to Federal Rule of Civil Procedure 65.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because at least one defendant is domiciled in and operates or does significant business in this judicial district. Additionally, a substantial part of the events giving rise to this action occurred in this judicial district.

## PARTIES

9.      Plaintiff Curtis W. Thompson is, and at all times relevant hereto, a "Public employe," 43 P.S. § 1101.301(2), employed by the School District as an education assistant in Cumberland County, Pennsylvania, in a bargaining unit represented, exclusively for purposes of collective bargaining, by Council 89. Mr. Thompson was a member of Council 89, but he has not been a member of Council 89 since the date of his resignation letter.

10.     Defendant Council 89 is an "Employe organization," 43 P.S. § 1101.301(3), and "Representative," 43 P.S. § 1101.301(4), within the meaning of PERA. Pursuant to the CBA, Council 89 represents employees of the School District, including Mr. Thompson, exclusively for purposes of collective bargaining with the School District. Council 89 maintains a place of business at 150 South 43rd Street, Suite #2, Harrisburg, Pennsylvania and conducts its business and operations throughout the Pennsylvania, including the Middle District of Pennsylvania.

11.     Defendant Steve Mullen is the Director of Council 89 and is sued in his official capacity.

4

12.     Defendant Cumberland Valley School District is a "Public employer" within the meaning of PERA, 43 P.S. § 1101.301(1). The School District employs Mr. Thompson as an education assistant at Eagle View Middle School.

13.     Defendant Frederick S. Withum, III is the Superintendent of the School District and is sued in his official capacity. He is responsible for overseeing the day-to-day operations of the School District, including, but not limited to, the issuance of payroll and any deductions thereto.

## FACTUAL ALLEGATIONS

14.     Acting in concert under color of state law, the School District and Council 89 entered into the CBA.

15.     The term of the CBA is July 1, 2016, through June 30, 2020.

16.     The CBA controls the terms and conditions of Mr. Thompson's employment.

17.     The CBA contains a "Maintenance of Membership" provision, which prohibits union members from freely resigning their union membership. Relevant portions of the CBA are attached hereto as "Exhibit A," and incorporated by reference herein.

18.     The CBA's "Maintenance of Membership" provision provides in relevant part that:

> §1.     All unit Employees who are members of the Union on the effective date of this Agreement, or who join the Union in the future, must remain members for the duration

5

of this Collective Bargaining Agreement, except that such Employee or Employees may resign from the Union during the fifteen (15) day period immediately prior to the expiration of this Agreement. The member must submit his/her resignation in writing, by certified mail, return receipt requested, to the Union with a copy to the Cumberland Valley School District.

Ex. A, CBA art. 32, § 1.

19.    The CBA's maintenance of membership requirement is authorized by and mirrors in substantive part PERA's maintenance of membership provision, which states,

(18) "Maintenance of membership" means that all employes who have joined an employe organization or who join the employe organization in the future must remain members for the duration of a collective bargaining agreement so providing with the proviso that any such employe or employes may resign from such employe organization during a period of fifteen days prior to the expiration of any such agreement.

43 P.S. § 1101.301(18). PERA also provides,

Membership dues deductions and maintenance of membership are proper subjects of bargaining with the proviso that as to the latter, the payment of dues and assessments while members, may be the only requisite employment condition.

43 P.S. § 1101.705. PERA explicitly limits the rights of public employees as to "maintenance of membership":

It shall be lawful for public employes to organize, form, join or assist in employe organizations or to engage in lawful concerted activities for the purpose of collective bargaining or other mutual aid and protection or to bargain

6

collectively through representatives of their own free choice and such employes shall also have the right to refrain from any or all such activities, except as may be required pursuant to a maintenance of membership provision in a collective bargaining agreement.

43 P.S. § 1101.401.

20. Thus, the terms of both the CBA and PERA limit a union member's right to resign from Council 89 to only the 15-day window immediately preceding the expiration of the CBA.

21. Further, the CBA's Article 33: Check-off provides for the deduction of union dues. Ex. A, CBA art. 33.

22. On or about May 10, 2017, Mr. Thompson sent a letter to Council 89 located at 150 South 43rd Street, Suite #2, Harrisburg, PA 17111-5708 informing Council 89 that he no longer wanted to be a member of the union.

23. Mr. Thompson sent a copy of the same letter to the School District's Human Resources Office.

24. On or about May 10, 2017, Mr. Thompson informed Director Mullen via email of his resignation from Council 89.

25. Director Mullen responded to Mr. Thompson's resignation by informing Mr. Thompson that the procedure for resigning from the union was outlined in the collective bargaining agreement.

7

26.     On the same date, Mr. Thompson informed Council 89 Staff Representative Julie Marks via email that he no longer wanted union dues deducted from his wages.

27.     On or about May 10, 2017, Mr. Thompson spoke with Laura Sing, Assistant Human Resources Manager for the School District about his resignation from Council 89 and his request to cease all union dues deductions from his wages. Ms. Sing responded that she was unable to cease dues deductions without Council 89's approval.

28.     Mr. Thompson did not receive any paychecks after the 2016–2017 academic year concluded, however, union dues deductions resumed at the beginning of the 2017–2018 academic year.

29.     On or about August 7, 2017, Mr. Thompson asked Director Mullen and Staff Representative Marks about the status of his prior request to cease union dues deductions.

30.     On or about or between August 7, 2017, and August 16, 2017, Director Mullen told Mr. Thompson that Article 32 of the CBA outlined the resignation procedures.

31.     On or about August 16, 2017, Mr. Thompson responded to Director Mullen that he had followed the procedures in Article 32 but the union did not respond to his resignation.

32.     In reply, Director Mullen stated that "the resignation period is 15 days prior to the expiration of the contract." A true and correct copy of Director Mullen's response is attached hereto as "Exhibit B," and incorporated by reference herein.

33.     From the date of Mr. Thompson's resignation on May 10, 2017, until the end of the 2017–2018 academic year, the School District continued deducting union dues from Mr. Thompson's wages.

34.     During this time period, Council 89 continued to receive said union dues.

35.     Mr. Thompson did not receive any paychecks after the 2017–2018 academic year concluded, however, union dues deductions resumed at the beginning of the 2018–2019 academic year.

36.     On or about August 6, 2018, Mr. Thompson sent a certified letter to Director Mullin, again notifying Mr. Mullin of his resignation from Council 89 membership.

37.     Council 89 did not respond to Mr. Thompson's letter, and the School District continued deducting union dues from Mr. Thompson's wages.

38.     On or about August 24, 2018, Mr. Thompson sent a second certified letter to Council 89. Once again, Mr. Thompson did not receive a response from Council 89 or the School District, and the School District continued deducting union dues from his wages.

9

39.    No Defendant, or director, official, or agent thereof, responded to Mr. Thompson's resignation letters to honor his resignation from Council 89.

40.    On or about November 1, 2018, Mr. Thompson sent a new set of certified letters to Council 89 and the School District to confirm his prior Council 89 membership resignation and to request that all union dues deductions from his wages cease immediately. A true and correct copy of said letters are attached hereto as "Exhibit C," and incorporated by reference herein.

41.    On or about November 5, 2018, Council 89 Director Mullen sent a letter to Mr. Thompson informing him that Council 89 received his November 1, 2018 letter revoking his union membership. Director Mullen further stated that the current CBA explained how Mr. Thompson must resign union membership. A true and correct copy of said letter is attached hereto as "Exhibit D," and incorporated by reference herein.

42.    Continually, since on or about May 10, 2017, the School District has deducted purported union dues from Mr. Thompson's wages.

43.    Continually, since on or about May 10, 2017, Council 89 and/or its affiliates has continued to take and/or accept purported union dues from Mr. Thompson's wages.

44.    Defendants have taken and continue to take and have accepted and continue to accept purported union dues from Mr. Thompson's wages despite the

fact that such seizure of purported union dues from his wages are against Mr. Thompson's will and without his consent.

45. Continually, since on or about May 10, 2017, Council 89 and/or its affiliates continue to consider and/or treat Mr. Thompson as member of Council 89 and/or its affiliates.

46. Mr. Thompson objects to the forced association and speech by the compelled membership and financial subsidization of any activities of Council 89 and/or its affiliates.

## CLAIM FOR RELIEF
(Violation of 42 U.S.C. § 1983 and
the Constitution of the United States)

47. Mr. Thompson re-alleges and incorporates by reference all allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

48. The First and Fourteenth Amendments to the Constitution of the United States protect the associational, free speech, and free choice rights of United States citizens.

49. The Supreme Court recently held, in *Janus v. AFSCME, Council 31*, 138 S. Ct. 2448, 2486 (2018), that the Constitution prohibits unions from collecting union dues or fees from public employees who are not members of the union without their affirmative consent.

50. There is no state interest, compelling or otherwise, justifying the state's requirement that individuals remain members of a private organization, including a labor organization, for any length of time.

51. The CBA's "Maintenance of Membership" article, on its face and/or as applied by Defendants, permits Council 89 to require that employees remain union members throughout the life of the CBA and, therefore, violates the limited constitutional authorization for exclusive representation by public-sector unions under the First Amendment, as set forth in relevant Supreme Court caselaw.

52. PERA and the "Maintenance of Membership" article of the CBA, on their faces and/or as applied by Defendants, permit Council 89 to require that employees maintain unwilling allegiance to Council 89 throughout the life of the CBA and are, therefore, unconstitutional. This forced membership requirement impinges on Mr. Thompson's exercise of his rights to free association, self-organization, assembly, petition, and freedoms of speech, thought, and conscience, as guaranteed by the First and Fourteenth Amendments to the Constitution of the United States.

53. PERA and the "Maintenance of Membership" article of the CBA, on their faces and/or as applied by Defendants, authorize Defendants to violate Mr. Thompson's constitutional rights by withholding union dues or fees from him without his consent, in violation of the United States Constitution as explained in *Janus*, 138 S. Ct. 2448.

54.    As a direct result of Defendants' actions taken under PERA and the CBA, Mr. Thompson:

a.    has been prevented from exercising his rights and privileges as a citizen of the United States to disassociate from and no longer support the agenda and expenses of a private organization with which he no longer agrees and/or to which he no longer wishes to belong as a member;

b.    has been deprived of his civil rights guaranteed to him under the statutes of the United States and has suffered monetary damages and other harm;

c.    is in imminent danger of being deprived of his civil rights guaranteed under the Constitution and statutes of the United States and is in imminent danger of suffering monetary damages and other harm; and

d.    is in imminent danger of suffering irreparable harm, damage, and injury inherent in the violation of First and Fourteenth Amendment rights, for which there is no adequate remedy at law.

55.    If not enjoined by this Court, Defendants and/or their agents will continue to effect the aforementioned deprivations and abridgments of Mr. Thompson's constitutional rights, thereby causing irreparable harm, damage, and injury for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court order the following relief:

13

A.    **Declaratory:** A judgment based upon the actual, current, and *bona fide* controversy between the parties as to the legal relations among them, pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, declaring:

    i.    that the "Maintenance of Membership" article, Ex. A, art. 32, between the School District and Council 89, on its face and as applied, unconstitutionally abridges Mr. Thompson's rights under the First and Fourteenth Amendments to the Constitution of the United States;

    ii.    that PERA provisions 43 P.S. §§ 1101.301(18), 1101.401, and 1101.705, to the extent they relate to and/or authorize maintenance of membership, on their face and/or as applied, violate the First and Fourteenth Amendments to the United States Constitution; and

    iii.    that the First and Fourteenth Amendments prevent Defendants from restricting Mr. Thompson's right to resign from union membership at any time.

B.    **Injunctive:** A permanent injunction:

    i.    enjoining Defendants, their officers, employees, agents, attorneys, and all others acting in concert with them, from:

        a.    engaging in any of the activities listed in Part A above, which this Court declares illegal; and

        b.    enforcing the "Maintenance of Membership" article, Ex. A, art. 32, or any subsequent substantially similar provision between

14

Council 89 and the School District, which requires Mr. Thompson to remain a member of Council 89 for any period of time.

      ii.     requiring Defendants, their officers, employees, agents, attorneys, and all others acting in concert with them, to:

      a.     expunge the "Maintenance of Membership" article, Ex. A, art. 32, between Council 89 and the School District from the CBA, and send notice to the relevant bargaining unit of said expungement, explicitly noting that an employee can resign union membership at any time;

      b.     honor Mr. Thompson's request to resign from Council 89 membership, retroactive to the date of his resignation; and

      c.     refund to Mr. Thompson all union dues unlawfully deducted from his wages from the date of his resignation, plus interest thereon.

C.     **Monetary:** A judgment awarding Mr. Thompson nominal and compensatory damages for the injuries sustained as a result of Defendants' unlawful interference with and deprivation of his constitutional and civil rights including, but not limited to, the amount of dues deducted from his wages after Mr. Thompson's resignation, plus interest thereon, and such amounts as principles of justice and compensation warrant.

15

D.      **Attorneys' Fees and Costs:** A judgment awarding Mr. Thompson costs and reasonable attorneys' fees under 42 U.S.C. § 1988; and

E.      **Other:** Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

THE FAIRNESS CENTER

Dated: March 27, 2019

*s/ Nathan J. McGrath*
Nathan J. McGrath
Pa. Attorney I.D. No. 308845
E-mail: njmcgrath@fairnesscenter.org
David R. Osborne
Pa. Attorney I.D. No. 318024
E-mail: drosborne@fairnesscenter.org
Justin T. Miller
Pa. Attorney I.D. No. 325444
E-mail: jtmiller@fairnesscenter.org
THE FAIRNESS CENTER
500 North Third Street, Floor 2
Harrisburg, Pennsylvania 17101
Phone: 844.293.1001
Facsimile: 717.307.3424

*Attorneys for Plaintiff*